Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200518-85076
DATE: September 29, 2021

ORDER

An effective date of August 8, 2019, but not earlier, for entitlement of service connection for prostate cancer is granted, subject to the laws and regulations governing the award of monetary benefits.

An effective date of August 8, 2019, but not earlier, for entitlement of service connection for erectile dysfunction is granted, subject to the laws and regulations governing the award of monetary benefits.

FINDINGS OF FACT

1. The Veteran submitted an intent to file a claim on August 8, 2019. 

2. The Veteran's erectile dysfunction is service connected as secondary to his prostate cancer. 

CONCLUSIONS OF LAW

1. The criteria for an earlier effective date of August 8, 2019 for the grant of service connection for prostate cancer are met. 38 U.S.C. §§ 5101, 5107, 5110, 7105; 38 C.F.R. §§ 3.151, 3.155, 3.400.

2. The criteria for an earlier effective date of August 8, 2019 for the grant of service connection for erectile dysfunction are met. 38 U.S.C. §§ 5101, 5107, 5110, 7105; 38 C.F.R. §§ 3.151, 3.155, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1970 to April 1972.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2020 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO).

Entitlement to service connection for prostate cancer and erectile dysfunction was granted in a February 2020 rating decision. In March 2020, the Veteran filed a supplemental claim requesting an earlier effective date for the grant of service connection. While not specifically noted, the May 2020 decision on appeal appears to have found that new and relevant evidence had been received as the claim was adjudicated on the merits. This constitutes a favorable finding. 38 C.F.R. § 3.104.

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran elected the direct review docket. By selecting the direct review docket, the Board must base its decision on the evidence that was before the Agency of Original Jurisdiction (AOJ) at the time of the May 2020 decision on appeal. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the issue on appeal, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Effective date

Except as otherwise provided, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA's adjudication regulations be filed on a standard form. The amendments implement the concept of an intent to file a claim for benefits, which operates similarly to the informal claim process, but requires that the submission establishing a claimant's effective date of benefits must be received in one of three specified formats. See 38C.F.R. §3.155. The amendments apply only to claims filed on or after March 24, 2015. Informal claims as originally codified in 38C.F.R. §§3.155and 3.157 prior to that date were eliminated.

The current regulations allow for a claimant to submit an intent to file a claim, and provides that VA may recognize the receipt date of the intent to file a claim as the date of claim if VA receives a successfully completed claim form within one year. 38 C.F.R. § 3.155(b) ("Upon receipt of the intent to file a claim, VA will furnish the claimant with the appropriate application form prescribed by the Secretary. If VA receives a complete application form... [for the] benefit sought within 1 year of receipt of the intent to file a claim VA will consider the complete claim filed as of the date the intent to file a claim was received."). 

The language of 38 C.F.R. § 3.155, as currently written, excludes supplemental claims from this intent-to-file framework. See § 3.155 .("intent to file provisions did not apply to supplemental claims"). To the extent the Veteran's representative has argued that the December 2019 supplemental claim should be considered an original claim thereby validating an August 2019 intent to file, the Board finds that argument without merit. See October 2020 Appellant Brief. In October 2019 the Veteran submitted a claim for prostate cancer on a VA 21-526EZ, Fully Developed Claim form. The Veteran was notified that claims that were previously denied must be submitted on a VA Form 21-0995 Decision Review Request: Supplemental claim. Subsequently, the Veteran resubmitted his claim on the supplemental claim form. 

Notwithstanding, in July 2021, the United States Court of Appeals for the Federal Circuit invalidated the exclusion of supplemental claims from the intent to file framework. Military-Veterans Advocacy v. Sec'y of Veterans Affairs, 2021 U.S. App. LEXIS 22608, 7 F.4th 1110. Therefore, the Board will consider the Veteran's intent to file forms when determining the date of claim and establishing an effective date for entitlement to service connection for prostate cancer and erectile dysfunction. 

By way of background, the Veteran's initial claim for prostate problems was denied in a December 2006 rating decision as the evidence did not reflect a current diagnosis. The Veteran did not perfect an appeal of this decision or submit new and material evidence within one year; accordingly, the December 2006 rating decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103.

In May 2015, the Veteran filed another claim for service connection, which was denied in a September 2015 rating decision for lack of new and material evidence. Here too, the Veteran did not perfect an appeal of this decision or submit new and material evidence within one year; accordingly, the September 2015 rating decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103.

The next indication in the record of the Veteran's intent to file a claim was a July 2017 VA Form 21-0966 Intent to file a claim. No claims were filed within a year of this submission.

The Veteran resubmitted Intent to File forms on August 8, 2019 and September 27, 2019.

As discussed above, in October 2019, the Veteran submitted a claim for prostate cancer on a VA 21-526EZ, Fully Developed Claim form. The Veteran was notified that claims that were previously denied must be submitted on a VA Form 21-0995 Decision Review Request: Supplemental claim. On December 2, 2019, the Veteran submitted a supplemental claim for entitlement to service connection for prostate cancer, which was granted in a February 2020 rating decision and assigned an effective date of December 2, 2019. 

The effective date for a claim for compensation will be the date of receipt of the claim or the date entitlement arose, whichever is the later. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400. The Board finds the date of claim for these issues is August 8, 2019, the date of the earliest intent to file form submitted within a year of his December 2019 claim. 38 C.F.R. § 3.155

The next step is to determine when entitlement arose, and which date is later. 

Prostate cancer

The evidence of record indicates that the Veteran was diagnosed with prostate cancer on November 8, 2019. See November 2019 CAPRI records received February 19, 2020. 

Also of record are July 2019 treatment notes that indicate the Veteran's prostate-specific antigen (PSA) level was above 10, and additional testing was advised. Subsequently, an MRI and biopsy were performed which indicated prostatic adenocarcinoma. See September 2019 Pathology report. Eventually, the Veteran met with his physician who confirmed a prostate cancer diagnosis on November 8, 2019. 

In light of the forgoing, the earliest possible effective date for prostate cancer is August 8, 2019, the date of claim. Although the Veteran's diagnosis was not confirmed until November 2019, the evidence of record indicates the diagnosis was based on the September 2019 pathology report, which was ordered because the Veteran had an elevated PSA in July 2019. 

In sum, the Board finds, after resolving all reasonable doubt in the Veteran's favor, that an effective date of August 8, 2019, the date the Veteran submitted his intent to file, is warranted for the award of service connection for prostate cancer. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 3.155. 

Erectile dysfunction

The record does not show that the Veteran filed a separate formal or informal claim for service connection for erectile dysfunction, and he has not asserted that he did so. In February 2020, he underwent a VA examination. The examiner noted that the Veteran had erectile dysfunction symptomology beginning in 2012. The examiner found it was at least as likely as not that the Veteran's erectile dysfunction was attributed to his prostate cancer. Subsequently, in a February 2020 rating decision, the Veteran was granted service connection for erectile dysfunction as secondary to his prostate cancer. 

In this case, the effective date for the award of prostate cancer is August 8, 2019, which is the date VA received the Veteran's intent to file a claim for prostate cancer. Entitlement to service connection on a secondary basis did not arise until the date on which prostate cancer was considered to be service connected. There is no communication of record which can be construed as an earlier claim for entitlement to service connection for erectile dysfunction. Accordingly, entitlement to an effective date of August 8, 2019, but no earlier, for the grant of service connection for erectile dysfunction is granted.

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E.V. Palatt, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.